**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL EURKAITIS, | |
| Plaintiff. | Case No.  26-cv-9248 |
| v. | |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, MICHAEL EURKAITIS, by and through his counsel, Jeffrey Law Office, LLC, and complains of Defendants ILLINOIS DEPARTMENT OF TRANSPORTATION, and states as follows:

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## JURISDICTION & VENUE

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and 28 U.S.C. § 1331. This Court has jurisdiction of the state law whistleblower act claim pursuant to 28 U.S.C. §1367 under the principles of supplemental jurisdiction, and such claims so relate to the federal claims as to form a part of the same case and controversy.

1

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired, employed, and harmed by Defendant in this District.

## PARTIES

3. Plaintiff, MICHAEL EURKAITIS ("Plaintiff"), was at all times relevant to this suit an adult, residing in Minooka, Illinois. At all times relevant, Plaintiff was employed by Defendant in this District. Plaintiff was hired, employed, and harmed by Defendant in this District.

4. Defendant, ILLINOIS DEPARTMENT OF TRANSPORTATION ("Defendant"), is duly organized and doing business in Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant hired, employed, and harmed Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII and the ADA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about February 5, 2026, Plaintiff timely filed a Charge of Discrimination alleging race discrimination, disability discrimination, hostile work environment/harassment, and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2026-03847.

6. On May 5, 2026, Plaintiff received a Notice of Right to Sue from the U.S. Department of Justice ("DOJ").

7. Therefore, Plaintiff's Complaint was filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

8.     Plaintiff has been an employee of Defendant for more than seventeen years.

9.     Plaintiff's race is White.

10.     Plaintiff has a disability as defined under the Americans with Disability Act (ADA), a shoulder injury and lung infection that substantially limited Plaintiff's major life activities.

11.     Defendants were apprised of Plaintiff's race and disability.

12.     Plaintiff performed his job satisfactorily and within legitimate expectations of Defendant.

13.     Plaintiff took medically necessary leave for shoulder surgery.

14.     The Bureau Chief of Maintenance, James Stumpner, expressed dissatisfaction with Plaintiff's leave during the "snow and ice" season and subjected Plaintiff to unwarranted disciplinary action and drug testing upon return, despite his non-COL administrative status.

15.     Subsequently, Plaintiff developed a lung infection, which necessitated ongoing treatment and time off from work. This was also met with discrimination and retaliation.

16.     The aforementioned treatment was also due to Plaintiff's race, White.

17.     Plaintiff exercised a protected activity by filing a complaint of discrimination with the Bureau of Civil Rights, naming Georgina Syas, James Stumpner, and Daniel Scandiff.

18.     Plaintiff received acknowledgment of Case No. 3121, but was never provided updates despite repeated inquiries.

19.     As a result, and in retaliatory fashion, Plaintiff received multiple reprimands for "poor performance" and alleged procedural violations despite evidence of departmental data errors acknowledged by management.

20. Plaintiff was suspended multiple times while comparators who engaged in misconduct (including T. O'Malley) were not disciplined.

21. Multiple administrative grievances lodged by Plaintiff remain unresolved.

22. Plaintiff also reported multiple ongoing threats and harassment from former coworker Timothy O'Malley, including threats of violence.

23. Despite substantiated reports and involvement of the Bureau of Investigations and Compliance (BIC), Naperville Police Department and state police, Defendant failed to ensure Plaintiff's safety (even after he repeatedly objected to Bureau Chief James Stumpner and Administrative Manager Hiram White) allowing O'Malley to return to the workplace.

24. A February 2024 Security Awareness Bulletin, issued by the Attorney General's Office, banned O'Malley from all state facilities due to threats.

25. Similarly, a 2025 Security Awareness Bulletin was issued by Defendant.

26. Nonetheless, O'Malley continued harassment into 2025 until his arrest and recent conviction.

27. Because of Plaintiff's race and disability, Plaintiff was subjected to harassment, disparate treatment and discrimination.

28. Because Plaintiff reported harassment and discrimination, exercising a right and protected activity, he was retaliated against, subjected to escalated disparate treatment, increased harassment, creating a hostile work environment.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

29. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

30. Plaintiff, White, is a member of a protected class.

4

31. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

32. Plaintiff apprised Defendant of his race.

33. Defendant discriminated against Plaintiff because of his race by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same, creating a hostile work environment, and would not have done so had Plaintiff not been White and everything else having been the same.

34. Other non-White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

35. Plaintiff's race was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

36. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, MICHAEL EURKAITIS, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D.      Order Defendant to pay the Plaintiff compensatory damages;

E.      Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F.      Award the Plaintiff his reasonable attorney's fees and costs; and

G.      Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT II – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**

37.     Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

38.     It is an unlawful employment practice for an employer to fail or refuse to hire, refuse to promote, or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

39.     Plaintiff, being White, is a member of a protected class under Title VII.

40.     Plaintiff engaged in a Title VII protected activity by reporting discriminatory acts by Defendant.

41.     Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff, due to discriminatory and retaliatory reasons.

42.     Defendant's decision to discriminate and retaliate against Plaintiff was solely motivated by the fact that he reported the illegal acts of Defendant.

43.     Defendant would not have retaliated against Plaintiff had he not participated in the protected activity. The retaliation against Plaintiff directly impacted his terms and conditions of employment with Defendant.

44. Defendant's retaliation against Plaintiff constitutes unlawful discrimination in direct violation of Title VII.

45. As a direct and proximate result of Defendant's unlawful and willful violations, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, damaged reputation, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, MICHAEL EURKAITIS, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT III — DISCRIMINATION / RETALIATION
## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et. seq.
### (Defendant FRA and Defendant FFDG)

46. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

47. Defendant is an employer, as defined by the ADA.

48. Plaintiff has been diagnosed with disabilities protected by the ADA.

7

49.     Plaintiff satisfied the prerequisites of and was qualified to perform the essential functions of his job with or without reasonable accommodation.

50.     The ADA prohibits discrimination against a qualified individual with a disability because of the disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. See 42 U.S.C. § 12112(a).

51.     Nevertheless, Defendant discriminated and retaliated against Plaintiff because he suffered from the aforementioned disabilities and requested accommodations.

52.     Similarly situated employees without a disability were treated more favorably by Defendant.

53.     Therefore, Plaintiff suffered an adverse employment action by Defendant because of his disability.

54.     Defendant's discrimination constitutes unlawful discrimination in direct violation of ADA.

WHEREFORE, Plaintiff, MICHAEL EURKAITIS, respectfully requests that this Court enter judgment in his favor and against the Defendant as follows:

A.  Declare, decree, and adjudge that the Defendant violated ADA;

B.  Grant an injunction against the Defendant from violating ADA and to protect other employees with disabilities from such Civil Rights violations;

C.  Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D.  Order the Defendant to pay the Plaintiff compensatory and punitive damages;

E.  Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F.  Award the Plaintiff his reasonable attorney's fees and costs; and

G.  Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT IV – RETALIATION
## ILLINOIS WHISTLEBLOWER ACT, 740 ILCS 174/1 et seq.

55.  Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

56.  At all times relevant to this Complaint, Plaintiff was an employee of Defendant. He performed his job in a satisfactory manner, within legitimate expectations of Defendant.

57.  "An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency if the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." Illinois Whistleblower Act, 740 ILCS 174/1 et. seq.

58.  "An employer may not retaliate against an employee who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." Further, "[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." Id.

59.  "An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation." Id.

60.  Ultimately, in retaliation, Defendant harassed and retaliated against Plaintiff, in violation of the Illinois Whistleblower Act.

9

61. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, MICHAEL EURKAITIS, respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

B. Order Defendant to pay the Plaintiff compensatory damages;

C. Award Plaintiff pre-judgment and post-judgment interest to which he is entitled;

D. Award the Plaintiff his reasonable attorney's fees and costs; and

E. Award such other and further relief as it is just and appropriate, including nominal damages.

Dated: August 3, 2026

/s    Antonio L. Jeffrey
Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
1301 W. 22nd Street, Suite 308
Oak Brook, Illinois 60523
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com

10